Per Curiam.
The defendant in error brought this action on a bond, with condition. The defendants pleaded payment, and the plaintiff took issue, and assigned breaches in his replication. Although oyer was craved, the bond and condition are not set out, and we cannot, therefore, know whether the breaches are well assigned or not. No further notice was taken of them, and the trial was had on the plea of payment.
The question presented by the first bill of exceptions, is the only one we deem it necessary to notice.
The defendants called a witness, and asked him this question, “ Do you know whether the plaintiff in this suit sold to the defendant a tract of land and some negroes, and if so, how much was the price given for the land and negroes'? how much has been paid upon said purchase ? ” The witness was not permitted to answer, in, which we think the court erred. A party is not bound to adopt any particular order, in the introduction of his testimony. The answer to this question might have shown, that such purchase had been made, and that the whole amount of the purchase money had been paid. Another question, to the same or another witness, might have shown that the bond sued on was given for the amount, or to secure the payment of the purchase money. Or the answer to this question *209 might have furnished the ground for a presumption, that this transaction grew out of the sale of the land. It is competent for a party to prove the payment of a bond by parol, and the question propounded seems pertinent, both to establish the identity of the transaction, and the payment of the money agreed to be paid.
We need not notice the objections taken to the judgment, as for the error above-mentioned it must be reversed, and the cause remanded.